IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| VELOZITY RESTAURANTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. _____ |
| | § | |
| MEXICAN BAR & GRILL, INC., dba | § | JURY DEMAND |
| JORGE'S MEXICAN BAR & GRILL, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF VELOZITY RESTAURANTS, INC.'S, ORIGINAL COMPLAINT AND JURY DEMAND

Plaintiff, Velozity Restaurants, Inc., for its complaint against Defendant, Mexican Bar & Grill, Inc., dba Jorge's Mexican Bar & Grill, states and alleges as follows:

### Introduction

This is the second federal lawsuit before this Court between these parties relating to Defendant Mexican Bar & Grill, Inc.'s use of the JORGE'S name. Plaintiff's ownership of the JORGE'S trademark is clearly evidenced by both U.S. and Texas trademark registrations in Plaintiff's name. The parties resolved the prior lawsuit and as part of the settlement terms, the Defendant expressly recognized and affirmed Plaintiff's ownership rights in the mark JORGE'S in exchange for a non-exclusive license to use the name Jorge's Mexican Bar & Grill in Potter and Randall Counties only, including its current location at Bell and Hillside. The Defendant has since shown its intent to repudiate the prior agreement and use the Jorge's name at a new location in the Lubbock market without permission or license from Plaintiff. By this lawsuit, Plaintiff is not

challenging Defendant's licensed use of the Jorge's name at Defendant's current location on Bell Street.

### A. Parties

1.      Plaintiff, Velozity Restaurants, Inc., is a Texas corporation with its principal place of business located at 1100 Ross Street, Amarillo, Texas 79102, which is within the Northern District of Texas, Amarillo Division.

2.      Defendant Mexican Bar & Grill, Inc., dba Jorge's Mexican Bar & Grill, is a Texas corporation with its principal place of business at 6051 South Bell Street, Amarillo, Texas 79109.

### B. Jurisdiction

3.      This Court has original subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 (a), 28 U.S.C. § 1338, and 28 U.S.C. § 2201.

4.      Defendant is subject to personal jurisdiction in Texas.  Defendant conducts business in Texas, has availed itself of the rights and benefits of Texas law, and has engaged in substantial and continuing contacts with the State.

### C. Venue

5.      Venue is proper in this district under 28 U.S.C. § 1391 (b)(1) and (2).

### D. Service

6.      Defendant can be served with process on its registered agent.  The listed registered agent for Defendant is Jorge Albarran, 6051 South Bell Street, Amarillo, Texas 79109.

### E. Facts

7.     Plaintiff is the owner and holder of a registered Trademark No. 4,624,483, issued by the United States Patent and Trademark Office for "JORGE'S."  Plaintiff first used the mark in commerce on July 1, 1981 and has continually used same since that time. A true and correct copy of the Certificate of Registration for such mark is attached hereto as Exhibit "A."

8.     Further, Plaintiff has applied for and received registration of its mark for "JORGE'S" under Texas certificate of registration No. 801481965.  A true and correct copy of such certificate of registration is attached hereto as Exhibit "B."

9.     Notably, Defendant tried unsuccessfully to apply for the same Texas trademark "JORGE'S."   Defendant's attempt was rejected because of, among other things, Plaintiff's prior use of the JORGE'S name.

10.     Plaintiff operates business locations or has licensed the use of its mark for use in restaurants located in Amarillo, Austin, Dallas, Odessa and Midland. Plaintiff utilizes the mark "JORGE'S" in connection with each location, separately or in conjunction with other marks.  The Amarillo, Texas location operates as Jorge's Tacos Garcia restaurant.

11.     Notwithstanding Plaintiff's ownership of the mark, Defendant previously filed a case captioned, *Mexican Bar & Grill, Inc., d/b/a Jorge's Mexican Bar & Grill v. George A. Veloz, II, Sylvia Brito, Velozity Restaurants, Inc., d/b/a Jorge's Tacos Garcia, and Taco G., Inc.,* Case No. 2:09-CV-173-J, in the United States District Court for the Northern District of Texas, Amarillo, Division, asserting causes of action against Plaintiff

arising from Defendant's registration of a domain name that incorporated the Jorge's name ("Prior Lawsuit").

12.    The parties resolved the Prior Lawsuit by entering into a "Settlement Agreement and Release" a true and correct copy of which is attached hereto as Exhibit "C." By this agreement, Defendant (Plaintiff in the Prior Lawsuit) expressly recognized and affirmed Plaintiff's ownership rights in the mark "JORGE'S."

13.    Defendant was granted a non-exclusive license to use the name Jorge's Mexican Bar & Grill in Potter and Randall Counties only, and Defendant specifically agreed that:

> Defendants [including Plaintiff herein] do not waive, relinquish, release, prejudice, or alter any rights with respect to the trademarked name "Jorge's" or the use of same in any geographic area outside Potter and Randall Counties.

14.    Plaintiff has received notice that Defendant intends to open and operate a restaurant in Lubbock, Lubbock County, Texas.   Further, Plaintiff has seen that this location has been advertised as "Jorge's Mexican Bar & Grill."  This restaurant has not yet opened for business but Defendant continues to use a billboard at the building site announcing that "Jorge's Mexican Bar & Grill" is "Coming 2014."  A picture of the sign is attached hereto as Exhibit "D."

15.    Plaintiff accordingly contacted Defendant and requested a mediation to work out the terms of a license of the JORGE'S name at Defendant's Lubbock location. The mediation was held but did not result in an agreement.

16.    Defendant has since indicated that it intends to proceed with the use of Plaintiff's mark, or a deceptively similar mark in its proposed Lubbock location.

17.    Defendant has also suggested that it may use the name JORGA'S.  This name and the associated mark illustrated to Plaintiff is attached hereto as Exhibit "E." This sign is essentially indistinguishable from JORGE'S, and the font used makes it highly likely that the public would consider this to be a sign for JORGE'S, thereby counterfeiting Plaintiff's mark and diluting same by causing confusion as to the affiliation of this restaurant.  Such confusion would be consistent with Defendant's advertisement of this restaurant as "Jorge's Mexican Bar & Grill."

18.    Plaintiff is not challenging Defendant's licensed use of Plaintiff's mark in Potter and Randall Counties, or at Defendant's current location on Bell Street.

### F.  Declaratory Judgment

19.    Pursuant to 28 U.S.C. §2201, Plaintiff would show that an actual controversy exists based on the actions and statements of Defendant justifying a declaration of the parties' rights.  Plaintiff seeks declaration that:

a.    Defendant has no rights and may not use the name "Jorge's" in any business establishment opened or to be opened in Lubbock, Lubbock County Texas or elsewhere outside of Potter and Randall Counties of Texas, including but not limited to use in signs such as shown on Exhibit "D."

b.    The proposed signage attached as Exhibits "D" and "E" would constitute a violation of 15 U.S.C. § 1114 and 1125 in that it would

1.    Create a likelihood of confusion with Plaintiff's mark and thereby convey a false or misleading designation of origin or misrepresentation of fact regarding the affiliation, connection, or association of such restaurant with Plaintiff, and misrepresent

that Plaintiff has provided permission with respect to the origin, sponsorship, or approval of the goods or services to be provided.

2. Intentionally and knowingly use in commerce a reproduction, counterfeit, copy or colorable imitation of the JORGE'S trademark in connection with the sale, offering for sale, distribution, or advertising of goods and services in a manner that is likely to cause confusion or mistake, or to deceive.

3. Constitute a false designation of origin which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiffs, or as to the origin, sponsorship or approval of Plaintiffs' goods and services by Defendant.

20.     Pursuant to 28 U.S.C. §2202, and 15 U.S.C. § 1116, Plaintiff prays for injunctive relief  enjoining any use of Plaintiff's mark and any use of a similar mark likely to cause violation of federal trademark law, including but not limited to any signage as shown on or similar to Exhibits "D" and "E" previously proffered by Defendant as an intended use.  Pursuant to 15 U.S.C. § 1117, Plaintiff seeks recovery of its reasonable and necessary attorneys fees for bringing this case.

### G. Breach of Contract

19.     The sign attached hereto as Exhibit "D" advertising a Lubbock location as Jorge's Mexican Bar & Grill is a breach of the Settlement Agreement and Release attached hereto as Exhibit "C."  Plaintiff has been and will be damaged in its good will and decline in the market value of its mark by reason of such breach.  Plaintiff seeks recovery of its actual damages proximately caused by such breach, and for enforcement of the terms of the Settlement Agreement and Release by specific performance.

20.     Plaintiff seeks recovery of its reasonable and necessary attorneys fees in connection with this claim.

## H. DEMAND FOR A JURY TRIAL

21.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues triable of right by a jury.

### Prayer

Velozity Restaurants, Inc., prays for declaration of rights as set forth above, injunction against infringement and counterfeiting of its trademark, specific performance, actual damages and recovery of reasonable and necessary attorneys fees, together with interest to the extent and at the rate allowed by law on all sums awarded, together with such other and further relief to which this Plaintiff may show itself justly entitled.

Respectfully submitted,

/s/ Christian D. Stewart
Christian D. Stewart – SBN: 24013569
Wyatt L. Brooks – SBN: 03075600
Burdett, Morgan, Williamson & Boykin, LLP
3423 Soncy Road, Suite 300
Amarillo, Texas 79119
Phone:        (806) 358-8116
Fax:          (806) 358-3154
E-mail:       cstewart@bmwb-law.com
              wbrooks@bmwb-law.com

ATTORNEYS FOR PLAINTIFF

# United States of America

## United States Patent and Trademark Office

# JORGE'S

**Reg. No. 4,624,483**

**Registered Oct. 21, 2014**

**Int. Cl.: 43**

**SERVICE MARK**

**PRINCIPAL REGISTER**

VELOZITY RESTAURANTS, INC. (TEXAS CORPORATION)
1100 SOUTH ROSS
AMARILLO, TX 79102

FOR: BAR SERVICES; RESTAURANT SERVICES, IN CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 2-0-1977; IN COMMERCE 7-1-1981.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-228,542, FILED 3-21-2014.

VERNA BETH RIRIE, EXAMINING ATTORNEY



*Michelle K. Lee*

**Deputy Director of the United States
Patent and Trademark Office**



EXHIBIT
A

Corporations Section
P.O.Box 13697
Austin, Texas 78711-3697



Hope Andrade
Secretary of State

## Office of the Secretary of State

### CERTIFICATE OF TRADEMARK OR SERVICE MARK REGISTRATION
### OF

#### JORGE'S

Registration Number: 801481965

    The undersigned, as Secretary of State of Texas, by virtue of the authority vested in the Secretary by Chapter 16, Texas Business and Commerce Code hereby issues this Certificate of Trademark or Service Mark Registration and attaches hereto a copy of the application for registration. Such registration is issued in connection with the class code described below for a term of ten years from the date of registration of application shown below.

Class Code: Hotels & Restaurants: Class 43
Dated: 9/19/2011



Hope Andrade
Secretary of State



EXHIBIT
B

*Come visit us on the internet at http://www.sos.state.tx.us/*

Phone: (512) 463-5555                    Fax: (512) 463-5709                    Dial: 7-1-1 for Relay Services
Prepared by: Dianne Gattuso             TID: 10273                              Document: 389350120003

## SETTLEMENT AGREEMENT and RELEASE

Re:     No. 2:09-CV-173-J; In the United States District Court for the Northern District of Texas, Amarillo
        Division; Mexican Bar & Grill, Inc., d/b/a Jorge's Mexican Bar & Grill v. George A. Veloz, II, Sylvia
        Brito, Velozity Restaurants, Inc., d/b/a Jorge's Tacos Garcia, and Taco G., Inc., d/b/a Jorge's
        Restaurants

        The following sets forth the terms of settlement reached in mediation of the above case on
        01-12-2010:

1.      Plaintiff and its owners and their affiliates, principals, subsidiaries, directors, and officers do hereby
        recognize and affirm Defendants' ownership rights in and to the trademarked name "Jorge's" as shown
        on the attached registration for the purposes stated therein.

2.      Defendants hereby grant to Plaintiff, royalty-free, a personal, unassignable, and non-exclusive license
        to use the name "Jorge's Mexican Bar and Grill" within Potter and Randall Counties, State of Texas,
        for the same purposes stated on the attached registration for as long as Plaintiff uses same
        commercially without interruption, and subject to the following conditions: (a) Defendants do not waive,
        relinquish, release, prejudice, or alter any rights with respect to the trademarked name "Jorge's" or the
        use of same in any geographic area outside Potter and Randall Counties. Any issue between the
        parties hereto with respect to Plaintiff's use of the name "Jorge's" outside Potter and Randall Counties
        shall be submitted to mediation for attempted resolution if the parties are not otherwise able to come to
        an agreement, (b) Neither Plaintiff nor Defendants will open a restaurant in Potter or Randall Counties
        bearing the name "Jorge's", or any derivative thereof, within three miles of, or on the same
        thoroughfare as, any restaurant then under operation by the other and bearing the name "Jorge's", (c)
        Beginning July 15, 2010, all items, materials, images, advertisements, menus, and websites generated
        or displayed by Plaintiff and bearing the name "Jorge's" shall be changed to display the name
        "Jorge's" in the same or lesser size font as the words "Mexican Bar and Grill", provided that Plaintiff
        shall not be required to modify existing on-premises signs, (d) Beginning July 15, 2010, all items,
        materials, images, advertisements, menus, and websites generated or displayed by Plaintiff and
        bearing the name "Jorge's", with the exception of fixed on-premises signage, shall also identify "Jorge
        Albarran" as owner, proprietor, manager or such other terms as may be appropriate to differentiate
        ownership between the parties.

3.      Defendants hereby grant to Plaintiff a right of first refusal to purchase the website domain name
        www.jorgesmexicanbarandgrill.com upon receipt by Defendants of any bona fide offer from any party
        to purchase such website domain name, with such right to be exercised by Plaintiff on the terms and
        conditions offered within 14 business days of Plaintiff's receipt of notice of same.

4.      In consideration of the above terms, and except as reserved in paragraph 2(a) above,Plaintiff and
        Defendants mutually release each other and each others' affiliates, principals, subsidiaries, directors,
        officers, agents, employees, attorneys and all persons and entities associated with them from all past,
        present, and future liability or claims and causes of action, whether now known or unknown, arising
        out of or related to the matters which are the subject of this suit.

5.      The pending lawsuit will be promptly dismissed with prejudice with costs of court charged to the
        parties incurring same.

6.      The parties will execute and exchange all documentation and information as may be reasonably
        necessary to effectuate the settlement terms set forth above.

7.      **This agreement is intended to be fully binding and is not revocable.  Any party who
        unsuccessfully seeks to void, invalidate, or set aside this agreement shall be liable for
        attorneys fees and court costs incurred by opposing parties in connection therewith.**

No. 2:09-CV-173-J; In the United States District Court for the Northern District of Texas, Amarillo Division: Mexican Bar & Grill, Inc., d/b/a Jorge's
Mexican Bar & Grill v. George A. Veloz, II, et; al. - Mediated Settlement Agreement

**EXHIBIT**
C
tabbies

Mexican Bar & Grill, Inc., d/b/a Jorge's
Mexican Bar & Grill

By: _Jorge Albarrán_____

_____
Attorney for Mexican Bar & Grill, Inc., d/b/a Jorge's
Mexican Bar & Grill

George A. Veloz, II, Sylvia Brito, Velozity Restaurants, Inc.,
d/b/a Jorge's Tacos Garcia, and Taco G., Inc., d/b/a Jorge's
Restaurants

By: _____
Authorized Agent

_____
Attorney for George A. Veloz, II, Sylvia Brito, Velozity
Restaurants, Inc., d/b/a Jorge's Tacos Garcia, and Taco G.,
Inc., d/b/a Jorge's Restaurants

Int. Cl.: 43

Prior U.S. Cls.: 100 and 101

Reg. No. 3,087,707

## United States Patent and Trademark Office

Registered May 2, 2006

SERVICE MARK
PRINCIPAL REGISTER

# JORGE'S

VELOZITY RESTAURANTS, INC. (TEXAS COR-
PORATION)
1100 SOUTH ROSS
AMARILLO, TX 79102

FOR: RESTAURANT AND BAR SERVICES, IN
CLASS 43 (U.S. CLS. 100 AND 101).

FIRST USE 2-0-1977; IN COMMERCE 7-1-1981.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

SER. NO. 78-637,635, FILED 5-26-2005.

JERI J. FICKES, EXAMINING ATTORNEY







EXHIBIT
E